UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:05CV-271-C

**KEVIN BOYD POOLE**                                                                                 **PLAINTIFF**

**v.**

**COMMONWEALTH BANK & TRUST**                                                      **DEFENDANT**

**MEMORANDUM OPINION**

The plaintiff, Kevin Boyd Poole, filed this civil action against the Commonwealth Bank and Trust. Because the court lacks subject matter jurisdiction over the action, it will dismiss his complaint.

Mr. Poole lives in Breckinridge County, Kentucky, and brings this action against a Jefferson County bank because it will not allow him to withdraw funds deposited into his account by the Veterans Administration. From a review of the complaint and his application to proceed without prepayment of filing fees, it appears that Breckinridge District Court Judge Tom Lively appointed a guardian to manage Mr. Poole's assets.

While this court sympathizes with Mr. Poole and acknowledges his frustration, this court is one of limited subject matter jurisdiction, and its powers are enumerated in the United States Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman,* 347 F.3d 138, 141 (6th Cir. 2003). This essentially means that this court may consider and rule upon only certain types of cases. When it is faced with a complaint that is beyond its authority, it must dismiss it. Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by

suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."). "For federal jurisdiction to exist, unless citizenship is diverse, a plaintiff's well-pleaded complaint must raise an issue 'arising under' the laws of the United States." *Musson Theatrical, Inc. v. Federal Exp. Corp.,* 89 F.3d 1244, 1252 (6th Cir. 1996). The party who seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377.

Nowhere in the complaint does the plaintiff specifically set forth the basis of this court's jurisdiction over the subject matter of his complaint. *See generally*, 28 U.S.C. §§ 1330-1364. For example, there is no diversity of citizenship for all parties are citizens of the Commonwealth of Kentucky. And, the plaintiff alleges no claim arising under the Constitution, laws, or treaties of the United States. In fact, it appears that the factual and legal allegations contained therein concern state law issues. Therefore, this court concludes that it lacks subject matter jurisdiction over the instant dispute. If the plaintiff is dissatisfied with the manner in which his court- appointed guardian has administered his assets, he should raise this issue with the state court which made the appointment.

Because the court lacks jurisdiction over this action, it will dismiss case by separate order.

Signed on  August 15, 2005

**Jennifer B. Coffman, Judge**
**United States District Court**